IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYDIA BENT, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:15-cv-340-N-BN |
| | § | |
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATE SERIES 2006-AB2, ET AL., | § § § § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that Defendants Mackie Wolf Zientz & Mann, LLC ("MWZM") and Matthew S. Tadlock were improperly joined and should be dismissed. With the dismissal of the improperly-joined defendants, complete diversity of citizenship exists between all properly-joined parties and this court has subject matter jurisdiction.

**Background**

Plaintiffs Lydia Bent and Lawrence Hill, representing themselves *pro se*, filed suit in Dallas County Court at Law Number 3, Dallas, Texas, against Defendants U.S.

Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificate Series 2006-AB2 ("U.S. Bank") and its attorneys, the Law Office of Mackie Wolf Zientz & Mann, P.C. ("MWZM") and Blue Mountain Homes, LLC, and its attorney Matthew S. Tadlock after they were served with an eviction suit following foreclosure on real property. *See* Dkt. No. 1-1 at 5-20.

Defendant U.S. Bank removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1. U.S. Bank asserts that the consent of the other defendants was not necessary for removal because the case was removed they were served or made an appearance.

In its notice of removal, U.S. Bank argues that MWZM and Tadlock were improperly joined in their capacities as legal counsel for their clients and that there is complete diversity of citizenship between all properly-joined parties. There appears to be no dispute that WMZM and Tadlock are both are citizens of Texas for diversity jurisdiction purposes.

The Court ordered Plaintiffs to file a brief by February 26, 2015 explaining whether MWZM and Tadlock were improperly joined and should be dismissed from this lawsuit. *See* Dkt. No. 6. Plaintiffs failed to do so, and the time for filing jurisdictional briefing has passed.

**Legal Standards**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999);

*McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed In federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). A district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see*

*also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (describing the "heavy burden" on the party asserting improper joinder and noting that, "until the removing party does so, the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the non-diverse defendant. *See Smallwood*, 385 F.3d at 573.

Because there is no dispute or allegation of actual fraud concerning the pleading of jurisdictional facts, the sole concern in this case is whether, as a matter of law, Plaintiffs can establish a valid state-law cause of action against MWZM and Tadlock. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Therefore, this Court must determine whether Plaintiffs have demonstrated that there is no reasonable basis to predict that Plaintiffs might be able to recover against MWZM and Tadlock. *See Smallwood*, 385 F.3d at 573. In making this determination, the undersigned will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff," and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)).

**Analysis**

In the petition filed in state court, Plaintiffs allege that Lydia Bent executed a

deed of trust, which was secured by real property located at 301 Stone Mountain Drive, Sunnyvale, Texas 75182. The property was foreclosed on, and Ms. Bent was served with an eviction suit. Plaintiffs then filed this lawsuit challenging both the foreclosure and the eviction. Plaintiffs seek to enjoin the eviction suit, to set aside the foreclosure, and actual and exemplary damages.

In an Affidavit attached to and incorporated by reference in the petition, Ms. Bent alleges that MWZM was the substitute trustee in the foreclosure proceeding. *See* Dkt. No. 1-1 at 16 ("U.S. BANK N.A. was not empowered to engage in the foreclosure as of July 12th, 2012 when it was removed as trustee and replaced by MACKIE WOLF ZIENTZ & MANN, P.C."). In both the petition and affidavit, construing Plaintiffs' *pro se* pleadings liberally, as the state court would, Ms. Bent contends that she never received a notice of default, notification that the property was being foreclosed, or any other notification concerning the sale of the property before the foreclosure sale and that the first time that she was informed of the foreclosure sale was when she was served with the eviction suit. *See, e.g.*, *id.* at 10, ¶ 1. Plaintiffs do not allege any specific facts against Tadlock. *See id.* at 16, ¶ 5.

In its Notice of Removal, U.S. Bank argues that both WMZM and Tadlock were improperly joined in their capacities as legal counsel for their clients. The undersigned agrees. In Texas, a law firm has immunity for "its acts as foreclosure counsel." *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x. 274, 278 (5th Cir. 2004); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App. – Houston [14th Dist.] 2000, pet. denied) ("attorney's conduct is not actionable even if it is

frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client."). In *Rojas*, the plaintiff appealed the district court's dismissal of her claims against a foreclosure counsel, who allegedly misrepresented the holder of the note and substitute trustee in its foreclosure notices. *See Rojas v. Wells Fargo Bank, N.A.*, No. 1:13-cv-00291-SS, Dkt. No. 16 at ¶¶10-12 (W.D. Tex. May 17, 2013). The United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal and held that the foreclosure counsel were immune from liability and, therefore, improperly joined. *See Rojas*, 571 Fed. App'x. at 278.

Plaintiffs make no factual allegations concerning Matthew S. Tadlock. Each time that Mr. Tadlock is mentioned in the petition, it is as an attorney for Blue Mountain Homes, LLC, as follows: "Blue Mountain Homes, LLC, Atty. Matthew S. Tadlock, 3000 Wesland # 305, Houston, Texas 77027," and this reference is included in the style of the case, a heading seeking a restraining order, and the certificate of service. *See* Dkt. No. 1-1 at 1, 9, 19.

But Plaintiffs allege that, as of July 12, 2012, MWZM was the substitute trustee in the foreclosure proceeding. *See* Dkt. No. 1-1 at 16. "[I]n circumstances where a plaintiff asserts actual misconduct on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court." *Minella v. Bank of Am., N.A.*, No. SA-14-CV-174-XR, 2014 WL 1330554, at *2 (W.D. Tex. Apr. 1, 2014) (citing *Sanchez v. Bank of Am., N.A.*, SA-13-CV-87-H.H., at 2-3 (W.D. Tex. Mar. 19, 2013) ("[The status of a substitute trustee

[as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee"))).

One of Plaintiffs' claims is that the foreclosure should be set aside because, among other reasons, they did not receive any notices concerning the foreclosure, including notice of default or notice of the trustee's sale, until they were served on February 13, 2013 with notice of an eviction suit. "Federal courts applying Texas law have consistently held that the Property Code requires that a debtor be served with two notices prior to foreclosure: a notice of default and a notice of sale." *Minella*, 2014 WL 1330554, at *4 (citing *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 855-56 (5th Cir. 2009) (per curiam); *Rodriguez v. U.S. Bank, N.A.*, No. SA-12-CV-345-XR, 2013 WL 3146844 (W.D. Tex. June 18, 2013)). Both notices must be served by certified mail. *See* Tex. Prop. Code § § 51.002(b)(3), 51.002(d). "Service by certified mail is complete 'when the notice is deposited in the United States mail'; receipt of the notice by the debtor is not required." *Rodriguez*, 2013 WL 3146844, at *8 (quoting TEX. PROP. CODE § 51.002(e)).

In this case, when evaluating all factual allegations in Plaintiffs' state court pleadings in the light most favorable to Plaintiffs, resolving all contested issues of substantive fact in Plaintiffs' favor, and resolving all uncertainties in Plaintiffs' favor on the relevant state law authorities, and construing Plaintiffs' *pro se* pleadings liberally, as the state court would, *see Breitling v. LNV Corp.*, ___ F. Supp. 3d ___, 2015 WL 367094, at * (N.D. Tex. Jan. 27, 2015) (quoting *Silvio v. Newman*, No. 01-10-01153-CV, 2014 WL 3107570, at *3 (Tex. App. – Houston [1st Dist.] July 8, 2014, no pet.)), the

undersigned concludes that Plaintiffs have alleged only a lack of receipt and that "defendant was never served a notice of trustee action." Plaintiffs' alleged failure to actually receive notice would not state a claim against MWZM, even if, as Plaintiffs allege, it were acting as substitute trustee. *See Rodriguez*, 306 F. App'x at 856.

Accordingly, for the reasons explained above, the undersigned concludes that there is no reasonable basis to predict that Plaintiffs might be able to recover in state court against Defendants MWZM and Mattthew S. Tadlock and that these defendants therefore were improperly joined in their capacities as legal counsel, that their consent was not required for removal, *see Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), and that both defendants should be dismissed, *see Moreno Energy, Inc. v. Marathon Oil Co.*,884 F. Supp. 2d 577, 588 (S.D. Tex. 2012) (where non-diverse party found to be improperly joined is dismissed); *Adams v. Chase Bank*, No. 3:11-cv-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. June 12, 2012) (same). And, with their dismissal, complete diversity of citizenship exists as the notice of removal alleges.

**Recommendation**

The undersigned concludes that Defendants Mackie Wolf Zientz & Mann, P.C. and Mattthew S. Tadlock were improperly joined and should be dismissed, and that, with the dismissal of Defendants Mackie Wolf Zientz & Mann, P.C. and Matthew S. Tadlock, complete diversity of citizenship exists, and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 30, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE