IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYDIA BENT, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:15-cv-340-N-BN |
| | § | |
| U.S. BANK, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| THE SPECIALTY UNDERWRITING | § | |
| AND RESIDENTIAL FINANCE TRUST | § | |
| MORTGAGE LOAN ASSET-BACKED | § | |
| CERTIFICATE SERIES 2006-AB2, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). Defendant U.S. Bank, N.A. filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). *See* Dkt. No. 10. The undersigned magistrate judge now issues the following findings of fact, conclusions of law, and recommendation that the Motion should be granted in part and denied in part.

**Background**

On November 18, 2005, Plaintiff Lydia Bent executed a Deed of Trust with an entity named Expanded Mortgage Credit ("Deed of Trust"), which secured her $331,300.000 mortgage note ("Note") with property located at 301 Stone Mountain Drive, Sunnyvale, Texas 75182 ("Property"). Dkt. 12-1 at 8-30. The Deed of Trust was

recorded in the deed records of Dallas County, Texas. Dkt. No. 12.

On January 2, 2015, Plaintiffs Lydia Bent and Lawrence Hill, representing themselves *pro se*, filed a Verified Petition for Injunction in Dallas County Court against Defendants U.S. Bank National Association ("U.S. Bank"), the Law Office of Mackie Wolf Zientz & Mann, P.C. ("MWZM"), Blue Mountain Homes, LLC ("Blue Mountain"), and Matthew S. Tadlock after they were served with an eviction suit following foreclosure on the Property. *See* Dkt. No. 1-1 at 5-20. Plaintiffs allege that they made payments between $331,300.00 and $504,000.00 to Defendants because they believed that they were the appropriate entities to pay. *See* Dkt. No. 1-1 at 8, 9, and 12. Plaintiffs seem to allege that these payments should have prevented their eviction from the Property. *See id*. at 8, ¶ 7. For these alleged wrongs, Plaintiffs assert various causes of action and allegations. *See* Dkt. No. 1-1. They also seek a declaratory judgment setting aside the foreclosure sale and injunctive relief prohibiting Defendants from selling the Property. *See* Dkt. No. 1 at ¶ 2; Dkt. No. 1-1 at 7-15; *see also* Dkt. No. 11 at 2.

On February 3, 2015, Defendant U.S. Bank removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1. The Court dismissed Defendants MWZM and Tadlock from the above-styled suit because they were improperly joined. *See* Dkt. Nos. 16 & 20. U.S. Bank and Blue Mountain are the only remaining defendants.

U.S. Bank has filed this Motion requesting Plaintiff Lawrence Hill's dismissal from the above-styled litigation due to his lack of standing. *See* Dkt. No. 11 at 3-4. U.S.

Bank also seeks dismissal of Plaintiffs' claims and requests for declaratory and injunctive relief. *See id* at 4-8.

Plaintiffs have not filed a response, and their deadline to do so has passed. *See* Dkt. Nos. 13 & 17; N.D. Tex. Local R. 7.1(e).

The undersigned will now consider the Motion without a response.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Where a plaintiff is proceeding *pro se*, the Court liberally construes his or her complaint with all possible deference. *See Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see Jackson v. Roche*, Nos. 7:04-cv-133-O & 7:02-cv-111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally." (citations omitted)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("Although the Court and the parties should liberally construe *pro se* pleadings, such a liberal construction does not require that the Court or a defendant create causes of action where there are none." (footnote omitted)).

### Analysis

Plaintiff Lawrence Hill lacks standing to pursue any claim asserted in the petition. To establish standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). To establish standing, Hill must allege that he suffered a concrete injury caused by Defendants' foreclosure that will likely to be redressed by a favorable ruling.

Hill has not sufficiently alleged any injury. Hill claims that Defendants' foreclosure of the Property injured him because he conferred a benefit to retain the Property. *See* Dkt. No. 1-1 at 8 of 44, 12 of 44 ("Plaintiffs have conferred benefit on the defendant, who has knowledge thereof"). But the affidavit verifying Plaintiffs' petition and the public record do not suggest that Hill had any interest in or conferred any benefit for the Property that would make foreclosure injurious to him. *See* Dkt. No. 1-1 at 16-20; Dkt. No. 12-1 at 3-30. There are no facts – aside from the bald legal conclusion that "Plaintiffs have conferred benefit on the defendant, who has knowledge thereof" – to support his allegations. Consequently, Hill's claims should be dismissed because he lacks standing.

Bent, however, has pleaded sufficient facts to support her unjust enrichment claim. "The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N.R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.

– Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998). "Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 43 (Tex. 1992). In this case, Defendants were not parties to the Deed of Trust, and Bent alleges that she did not have a contract with them. Nevertheless, Bent believed that Defendants were the appropriate entities to pay to retain the Property. *See* Dkt. No. 1-1 at 8, 9, 12. Bent claims that Defendants retained her payments but still foreclosed on the Property. *See id.* at 8, 12. Whatever its merit when contested factual issue are resolved or Bent is put to her proof on summary judgment, these allegations constitute a plausible unjust enrichment claim.

U.S. Bank alleges that Bent's unjust enrichment claim is based on invalid "show-me-the-note" and "split-the-note" theories. *See* Dkt. No. 11 at 4; *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249 (5th Cir. 2013) (rejecting both theories). But Bent does not assert those theories to support her unjust enrichment claims. *See* Dkt. No. 1-1 at 8 of 44, 12 of 44. Instead Bent alleges that she conferred a benefit to the Defendants, they accepted the benefit, and their retention of that benefit is inequitable. *See id.* Because Bent has not based her unjust enrichment claim on legally invalid theories, he unjust enrichment claim survives dismissal at this pleading stage over this argument.

But, apart from her unjust enrichment claims, Bent does appear to assert claims based on both the "show me the note" and the "split the note" theories. She pleads in

support of her requested relief allegations that Defendants does not hold the note and failed to provide her "authenticated copies showing the existence of said promissory note," "authenticated copies of the purported note bearing plaintiffs' signature," or "authenticated copies of the note establishing that the defendant is the owner or holder of such a note" and that Defendants are not "the real party in interest, .. the lender ... [or] the assignee of the lender." *Id.* at 6-7 of 44, 9-11 of 44, 13-14 of 44. These claims are easily disposed of, where the United States Court of Appeals for the Fifth Circuit has definitively rejected both theories. *See Martins*, 722 F.3d 249.

The "show me the note" theory posits that, to foreclose, a party must produce the original note bearing a "wet ink signature." *See id.* at 253. "Numerous federal district courts have addressed this question, and each has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.* at 254. Texas law does not "require the mortgage servicer to be the 'holder' of the Note [or] Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3:09-cv-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Darocy v. Chase Home Fin., LLC*, No. 3:10-cv-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (explaining that the Texas statute "contemplates that someone other than the holder of the original [loan documents] may lawfully foreclose on the security interest.").

The "split the note" theory posits that a transfer of a deed of trust without

contemporaneous transfer of the note "splits" the note from the deed of trust, rendering both null. *See Martins*, 722 F.3d at 254. This theory requires a party to hold both the note and the deed of trust to foreclose. *See id.* Despite recognizing a "few" sources in Texas law that support the "split the note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id.* at 255. The Court of Appeals concluded that "the 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." *Id*; *see also Warren v. Bank of Am., N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. Mar. 19, 2013), *rec. adopted*, 2013 WL 1131252 (N.D. Tex. June 19, 2012), *aff'd*, 566 F. App'x 379 (5th Cir. May 6, 2014) (transfer of the note or deed of trust automatically transfers the other because they "must be read ... and construed together as a single instrument"); *Islamic Ass'n of DeSoto Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-cv-613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) ("'[T]he transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.'" (citation omitted)).

Bent's allegations that Defendants' not holding the note and failure to produce authenticated copies of the note invalidates the Defendants' right to foreclose on the Property and then evict Plaintiffs are merely an iteration of the "split the note" and the "show me the note" theories and are invalid. Several courts have considered analogous assertions of these theories and have found them without merit or any legal basis. *See Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July

3, 2013) (finding as meritless the theory that any securitization of the loan rendered the note and the accompanying deed of trust unenforceable and discharged a borrower's obligations under them.); *see also Wilson v. Bank of New York Mellon*, No. 3:12-cv-4636-M-BN, 2013 WL 5273328, at *5-*6 (N.D. Tex. Sept. 18, 2013).

Because the Fifth Circuit has rejected both the "split the note" and the "show me the note" theories, Plaintiff's claims based on these theories fail as a matter of law and should be dismissed with prejudice. *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) (leave to allow a *pro se* plaintiff to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case"); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend is unnecessary where a plaintiff's alleged fact could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff").

Bent also alleges that the foreclosure should be set aside because, among other reasons, Plaintiffs did not receive any notices concerning the foreclosure, including notice of default or notice of the trustee's sale, until they were served on February 13, 2013 with notice of an eviction suit. "Federal courts applying Texas law have consistently held that the Property Code requires that a debtor be served with two notices prior to foreclosure: a notice of default and a notice of sale." *Minella*, 2014 WL 1330554, at *4 (citing *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 855-56 (5th Cir. 2009) (per curiam); *Rodriguez v. U.S. Bank, N.A.*, No. SA-12-CV-345-XR,

2013 WL 3146844 (W.D. Tex. June 18, 2013)). Both notices must be served by certified mail. *See* TEX. PROP. CODE §§ 51.002(b)(3), 51.002(d). "Service by certified mail is complete 'when the notice is deposited in the United States mail'; receipt of the notice by the debtor is not required." *Rodriguez*, 2013 WL 3146844, at *8 (quoting TEX. PROP. CODE § 51.002(e)). As the Court has already concluded, Plaintiffs have alleged only a lack of receipt and that "defendant was never served a notice of trustee action," and Plaintiffs' alleged failure to actually receive notice therefore fails to state a plausible claim and should be dismissed with prejudice. *See Rodriguez*, 306 F. App'x at 856; Dkt. Nos. 16, 20, & 21.

The undersigned also agrees with U.S. Bank that Bent has failed to plausibly state any other basis for a claim for wrongful foreclosure. The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008,

no pet.). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Here, Bent fails to allege that there was an inadequate sales price or how any alleged defects causally resulted in an inadequate sales price at foreclosure. *See* Dkt. No. 1-1. Bent has failed to allege sufficient facts to plausibly state a claim for wrongful foreclosure, and her wrongful foreclosure claim based on any theory other than Plaintiffs' failure to receive notice, as discussed above, should be dismissed without prejudice.

But Bent's requests for injunctive and declaratory relief – based on her unjust enrichment claims – should survive dismissal at this stage as possible remedies for her unjust enrichment claim. Injunctive and declaratory relief are forms of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Hurd v. BAC Home Loans Serv., LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012) (same); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief).

Finally, Hill's claims against Blue Mountain, Bent's wrongful-foreclosure claims against Blue Mountain, and Bent's claims against Blue Mountain based on "show me the note" and the "split the note" theories should also be dismissed. The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no

cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). The basis for dismissal of these claims applies equally to Plaintiffs' claims against U.S. Bank and Blue Mountain.

## Recommendation

For the reasons explained above, Defendant U.S. Bank's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 10] should be granted in part and denied in part. Specifically, Plaintiff Lawrence Hill's claims against Defendants U.S. Bank National Association and Blue Mountain Homes, LLC should be dismissed with prejudice for lack of standing; Plaintiff Lydia Bent's claims against Defendants U.S. Bank National Association and Blue Mountain Homes, LLC based on "show me the note" and "split the note" theories and for wrongful foreclosure based on Plaintiffs' alleged failure to actually receive notice should be dismissed with prejudice; Plaintiff Lydia Bent's claims against Defendants U.S. Bank National Association and Blue Mountain Homes, LLC for wrongful foreclosure based on any other theory should be dismissed without prejudice; and Defendant U.S. Bank's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 10] should be denied as to Plaintiff Lydia Bent's claims for unjust enrichment and for injunctive and declaratory relief based on her unjust enrichment claims. The Court should grant Plaintiff Lydia Bent 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those wrongful foreclosure claims that should be dismissed without prejudice and should

order that, if Plaintiff fails to do so, Plaintiff Lydia Bent's claims against Defendants U.S. Bank National Association and Blue Mountain Homes, LLC for wrongful foreclosure will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-13-