IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYDIA BENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-340-N-BN |
| | § | |
| U.S. BANK, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| THE SPECIALTY UNDERWRITING | § | |
| AND RESIDENTIAL FINANCE TRUST | § | |
| MORTGAGE LOAN ASSET-BACKED | § | |
| CERTIFICATE SERIES 2006-AB2, and | § | |
| BLUE MOUNTAIN HOMES, LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from United States District Judge David C. Godbey. For the reasons

explained below, the undersigned recommends that Plaintiff Lydia Bent's remaining

claims be dismissed without prejudice pursuant to Federal Rules of Civil Procedure

4(m) and 41(b).

**Background**

On November 18, 2005, Plaintiff Lydia Bent executed a Deed of Trust with an

entity named Expanded Mortgage Credit (the "Deed of Trust"), which secured her

$331,300.000 mortgage note with property located at 301 Stone Mountain Drive,

Sunnyvale, Texas 75182 (the "Property"). *See* Dkt. 12-1 at 8-30. The Deed of Trust was recorded in the deed records of Dallas County, Texas. *See id.*

On January 2, 2015, Plaintiffs Lydia Bent and Lawrence Hill, representing themselves *pro se*, filed a Verified Petition for Injunction in Dallas County Court against Defendants U.S. Bank National Association ("U.S. Bank"), the Law Office of Mackie Wolf Zientz & Mann, P.C. ("MWZM"), Blue Mountain Homes, LLC ("Blue Mountain"), and Matthew S. Tadlock after they were served with an eviction suit following foreclosure on the Property. *See* Dkt. No. 1-1 at 5-20. Plaintiffs alleged that they made payments between $331,300.00 and $504,000.00 to Defendants because they believed that they were the appropriate entities to pay. *See* Dkt. No. 1-1 at 8, 9, and 12. Plaintiffs seemed to allege that these payments should have prevented their eviction from the Property. *See id.* at 8, ¶ 7. For these alleged wrongs, Plaintiffs asserted various causes of action and allegations. *See* Dkt. No. 1-1. They also sought a declaratory judgment setting aside the foreclosure sale and injunctive relief prohibiting Defendants from selling the Property. *See* Dkt. No. 1 at ¶ 2; Dkt. No. 1-1 at 7-15; *see also* Dkt. No. 11 at 2.

On February 3, 2015, Defendant U.S. Bank removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1. The Court thereafter dismissed Defendants MWZM and Tadlock from the above-styled suit because they were improperly joined. *See* Dkt. Nos. 16, 20, & 21. That left U.S. Bank and Blue Mountain as the only remaining defendants.

The Court then granted in part and denied in part Defendant U.S. Bank's

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 10]. *See* Dkt. No. 25. Specifically, the Court dismissed with prejudice Plaintiff Lawrence Hill's claims against Defendants U.S. Bank and Blue Mountain for lack of standing; dismissed with prejudice Plaintiff Lydia Bent's claims against Defendants U.S. Bank and Blue Mountain based on "show me the note" and "split the note" theories and for wrongful foreclosure based on Plaintiffs' alleged failure to actually receive notice; dismissed without prejudice Plaintiff Lydia Bent's claims against Defendants U.S. Bank and Blue Mountain for wrongful foreclosure based on any other theory; and denied the motion to dismiss as to Plaintiff Lydia Bent's claims for unjust enrichment and for injunctive and declaratory relief based on her unjust enrichment claims. The Court granted Plaintiff Lydia Bent 21 days in which to file an amended complaint as to those wrongful foreclosure claims that should be dismissed without prejudice and ordered that, if Plaintiff fails to do so, Plaintiff Lydia Bent's claims against Defendants U.S. Bank and Blue Mountain for wrongful foreclosure will be dismissed with prejudice without further notice. *See* Dkt. Nos. 22 & 25.

When Plaintiff Lydia Bent failed to timely file any amended complaint in compliance with that order, the Court ordered her claims against Defendants U.S. Bank and Blue Mountain for wrongful foreclosure dismissed with prejudice. *See* Dkt. No. 28. That left pending only Plaintiff Lydia Bent's claims for unjust enrichment and for injunctive and declaratory relief based on her unjust enrichment claims.

The court-ordered deadline for filing any dispositive motion then passed after several months without any party filing another dispositive motion, *see* Dkt. No. 19,

and the Court set a status conference and ordered Plaintiff Lydia Bent and counsel for Defendant U.S. Bank National Association to attend in person and be prepared to discuss their readiness for trial, *see* Dkt. No. 29.

A few days after issuing this order, U.S. Bank filed a Motion for Leave to File Motion for Summary Judgment, *see* Dkt. No. 30, and the Court ordered that Defendant's counsel and Plaintiff Lydia Bent should be prepared to discuss this motion at the previously-set status conference, *see* Dkt. No. 32.

That same day, the Court issued an order that explained that Plaintiff Lydia Bent has failed to issue a summons and file a valid return of service on Defendant Blue Mountain (which has never appeared in this case) within the time required by Federal Rule of Civil Procedure 4(m) (under the pre-December 1, 2015-amendments version); that, pursuant to Rule 4(m), this action is subject to dismissal as to Blue Mountain Homes, LLC without further notice; that the Court hereby puts Plaintiff on notice that this action may be dismissed as to Blue Mountain for failure to issue summons and for failure to file a valid return of service; and that, no later than December 4, 2015, Plaintiff must file a valid return of service as to Defendant Blue Mountain or show good cause in writing for why service has not been made on Defendant Blue Mountain, or this action will be subject to dismissal without prejudice against Defendant Blue Mountain without further notice for failure to prosecute. *See* Dkt. No. 33.

As ordered, the Court held a status conference on December 1, 2015, but, despite waiting an additional 15 minutes to begin the conference, Plaintiff Lydia Bent did not appear and, to the Court's knowledge, has never communicated with the Court's staff

regarding any inability to appear. *See* Dkt. No. 34. Further, the Court's docket reflects that Plaintiff Lydia Bent has never made any filing in this case since the time of its removal to this Court. *See, e.g.*, Dkt. Nos. 14, 17, 18, & 28.

Accordingly, the Court issued a show cause order requiring that Plaintiff Lydia Bent "must show good cause in writing for her failure to comply with the Court's November 20, 2015 Order Setting Status Conference [Dkt. No. 29]" and warning Plaintiff "that any failure to show good cause may result in appropriate sanctions, including a recommendation to Judge Godbey that this case be dismissed for failure to comply with the Court's orders or failure to prosecute pursuant to Federal Rules of Civil Procedure 16(f) and/or 41(b)." Dkt. No. 35 at 4.

That same day, the Court had returned undelivered its mailings of the copies of its orders setting the status conference, regarding service of process, and regarding Defendant's motion for leave, with the notation "MOVED LEFT NO ADDRESS UNABLE TO FORWARD RETURN TO SENDER." Dkt. No. 36. These orders were mailed to the only address that Plaintiffs have ever provided to the Court in this case – which also happens to the address of the Property at issue in this case. With a week, the Court's mailings of its show cause order and of the docket entry for the status conference were also returned undelivered with the same notation. *See* Dkt. Nos. 37 & 38.

The deadlines for Plaintiff Lydia Bent to file a valid return of service as to Defendant Blue Mountain Homes, LLC or show good cause in writing for why service has not been made on Defendant Blue Mountain Homes, LLC and to show good cause

in writing for her failure to comply with the Court's November 20, 2015 Order Setting

Status Conference [Dkt. No. 29] have now come and passed without any response.

**Legal Standards**

Prior to its amendments effective December 1, 2015, Federal Rule of Civil

Procedure 4(m) provided that, "[i]f a defendant is not served within 120 days after the

complaint is filed, the court – on motion or on its own after notice to the plaintiff –

must dismiss the action without prejudice against that defendant or order that service

be made within a specified time. But if the plaintiff shows good cause for the failure,

the court must extend the time for service for an appropriate period." FED. R. CIV. P.

4(m). Accordingly, after providing notice, a district court may dismiss a case *sua sponte*

without prejudice pursuant to Rule 4(m) for failure of a plaintiff to effectuate service

on defendants within 120 days of filing the complaint. *See, e.g.*, Davis *v. Bank of Am.,*

*NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac*

*v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se*

plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for

failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se*

status and ignorance of the law do not constitute cause for his failure to effect service

in compliance with the rules." (respectively citing *Lindsey v. United States R.R. Ret.*

*Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.

1988))).

A district court also has authority to dismiss a case *sua sponte* for want of

prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th

Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

### Analysis

Pursuant to 28 U.S.C. § 2074(a) and the Order of the United States Supreme Court dated April 29, 2015, the amendment to Rule 4(m) governs all civil cases commenced after December 1, 2015 and, "insofar as just and practicable, all proceedings then pending." The Court should not apply the amended version (which permits only 90 days for service) to this case, but there is no practical effect in this case in any event because Plaintiff has had more than 120 days from the date of removal in which to effect service on Blue Mountain. Because Plaintiff Lydia Bent has failed to issue a summons and file a valid return of service on Blue Mountain within the time required by Rule 4(m) (regardless of which version is applied), and where the Court has, by order, notified Plaintiff that the failure to do so will subject her complaint to dismissal under Rule 4(m), *see* Dkt. Nos. 33 & 36, the Court should dismiss this action against Defendant Blue Mountain Homes, LLC without prejudice under Rule 4(m).

Further, as outlined above, Plaintiff Lydia Bent has failed to comply with the

Court's orders, including by failing to keep the Court informed of her current mailing address. By not complying with the Court's orders, Plaintiff has prevented this action from proceeding. Thus, she has failed to prosecute her lawsuit and obey the Court's orders. As this Court has long recognized, Rule 41(b) dismissal of a lawsuit without prejudice is warranted under such circumstances. *See, e.g.*, *Abdul-Rahman v. Bank of America*, No. 3:14-cv-2365-M-BN, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (citing *Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003); *Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009)).

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders, communicate with the Court, and provide the Court with a current mailing address – all of which Plaintiff has wholly failed to do throughout the case's progression through this Court.

Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss Plaintiff Lydia Bent's remaining claims in this action without prejudice.

## Recommendation

The Court should dismiss Plaintiff Lydia Bent's remaining claims against Defendants U.S. Bank National Association and Defendant Blue Mountain Homes, LLC in this case without prejudice pursuant to Federal Rules of Civil Procedure 4(m)

and 41(b) and, in light of that dismissal, deny Defendants U.S. Bank National Association's Motion for Leave to File Motion for Summary Judgment [Dkt. No. 30] without prejudice. But, if, within 14 days of the date of this recommendation, Plaintiff Lydia Bent responds to the Court's most recent orders [Dkt. No. 33 & 35] by filing a valid return of service as to Defendant Blue Mountain Homes, LLC or showing good cause in writing for why service has not been made on Defendant Blue Mountain Homes, LLC or by showing good cause in writing for her failure to comply with the Court's November 20, 2015 Order Setting Status Conference [Dkt. No. 29], the Court should refer the case back to the undersigned United States magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: December 14, 2015

                                      _____

                                      DAVID L. HORAN
                                      UNITED STATES MAGISTRATE JUDGE